**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THADDEUS WATERBURY, | CASE NO. CV-F-02-6162 LJO |
| Plaintiff, | **ORDER DISMISSING CASE AND ISSUING SANCTIONS AGAINST PLAINTIFF'S COUNSEL** |
| vs. | |
| ANN VENEMAN, Secretary of the U.S. Department of Agriculture, | |
| Defendant. | |

This case came on for hearing on an Order to Show Cause ("OSC") on October 30, 2006 at 9:00 a.m. for plaintiff's failure to dismiss the case or appear for the October 16, 2006 status conference re dismissal. The Court had previously set a status conference for October 16, 2006 to determine when the case would be dismissed. The parties settled their dispute in October 2004 (two years ago) in a settlement conference with Magistrate Judge Sandra Snyder. The parties asked for a continuance to file their dismissal, yet one was never filed.

At the October 16, 2006 status conference, plaintiff's counsel failed to appear. Defense counsel confirmed that the plaintiff had been fully paid, and that she sent a dismissal to plaintiff's counsel, but cannot get him to respond. Accordingly, this Court set this OSC which ordered "plaintiff to show cause, in writing, no later than October 23, 2006 why monetary sanctions should not be imposed and this action should not be dismissed for failure to comply with this Court's orders." Plaintiff did not file any response nor did counsel appear at the October 30, 2006 OSC.

Accordingly, for good cause shown, this Court DISMISSES the above action with prejudice. The Court, however, retains jurisdiction to enforce the monetary sanctions award issued below.

/////

### Duty of the Court

This Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d 298, 301 (9th Cir. 1996); *Lokary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir.), *cert. denied*, *sub. nom., Pacific Legal Foundation v. Kayfetz*, 508 U.S. 931, 113 S.Ct. 2397 (1993); *Trust Corp. of Montana v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir. 1983). The Ninth Circuit Court of Appeals has observed:

> Whenever an allegation is made that an attorney has violated his moral and ethical responsibility, an important question of professional ethics is raised. It is the duty of the district court to examine the charge, since it is that court which is authorized to supervise the conduct of the members of its bar. The courts, as well as the bar, have a responsibility to maintain public confidence in the legal profession.

*Gas-A-Tron of Ariz. v. Union Oil Co.*, 534 F.2d 1322, 1324-1325 (9th Cir.), *cert. denied sub nom. Shell Oil Co. v Gas-A-Tron of Ariz.*, 429 U.S. 861, 97 S.Ct. 164 (1976).

The determination to sanction is subject to a court's sound discretion. *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 489 U.S. 1096, 111 S.Ct. 986 (1991); *Erickson v. Newmar Corp*. 87 F.3d 298, 303 (9th Cir. 1996). "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.) (internal quotations omitted), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990).

Here, plaintiff's counsel has failed to abide by the Court's orders and respond to the Court and opposing counsel.

### Local Rules

Federal judges have broad powers to impose sanctions for abuses of process. *Gas-A-Tron*, 534 F.2d at 1324-1325. The sources of power to sanction include federal statutes and procedural rules, local rules, and a court's inherent power. For instance, this Court's Local Rule 11-110 provides: "The failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

This Court's Local Rule 83-184(a) addresses attorney discipline and provides:

> In the event any attorney subject to these Rules engages in conduct that may

warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42,[1] or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Federal judges have an "arsenal of sanctions" to impose for unethical behavior and including monetary sanctions, contempt, dismissal and disqualification of counsel. *Erickson*, 87 F.3d at 303. The California Rules of Professional Conduct and the State Bar Rules of California may also provide appropriate sanctions. *See* Local Rule 83-180(e) (adopting California Rule of Professional Conduct and applicable court decisions as standards of professional conduct in this district).

### **Inherent Power**

In addition, federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766, 100 S.Ct. 2455, 2463-2464 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995). A district court is also inherently empowered to sanction for "willfulness or fault of the offending party." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988); *Unigard Sec. Ins. v. Lakewood Engineering & Mfg.*, 982 F.2d 363, 368, n. 2 (9th Cir. 1992).

A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43, 111 S.Ct. at 2132. Such inherent power "is not a broad reservoir of power, ready at an imperial hand, but a limited source; an implied power squeezed from the need to make the court function." *Chambers*, 501 U.S. at 42; 111 S.Ct. at 2123.

"Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons."

---

[1] 18 U.S.C. § 401 authorizes a fine or imprisonment, at a court's discretion, for contempt of its authority, and for misbehavior of any person in the court's presence "or so near thereto as to obstruct the administration of justice." F.R.Crim.P. 42(b) punishes as criminal contempt conduct which a "judge saw or heard . . . or [] committed in the actual presence of the court."

3

*Chambers*, 501 U.S. at 45-46, 111 S.Ct. at 2133; *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622 (1975). Bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar assessment of attorneys' fees." *Mark Ind., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (internal quotation marks and citations omitted). Bad faith is tested objectively. "[A] district court's finding of bad faith or the absence of bad faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715 F.2d 78, 79 (3rd Cir. 1983). There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford,* 790 F.2d at 347.

When exercising inherent powers to sanction, a court must exercise discretion to fashion an appropriate remedy. *Erickson*, 87 F.3d at 303 (citing *Chambers*, 501 U.S. at 44-45.) When exercising discretion under its inherent sanction powers, a court is guided by considerations applicable to sanctions under the Federal Rules of Civil Procedure. Factors to consider include:

1. The nature and quality of the conduct at issue;
2. As between attorney and client, who is responsible for the culpable conduct;
3. Whether there was a pattern of wrongdoing to require a stiffer sanction;
4. The sanctioned party's ability to pay;
5. Whether the wrongdoing actually prejudiced the wrongdoer's opponent or hindered the administration of justice; and
6. The existence of mitigating factors.

*Westinghouse*, 43 F.3d at 74.

Under its inherent authority, a court may impose sanctions on counsel or a party. *See Roadway Express*, 447 U.S. at 767, 100 S.Ct. 2455. An attorney's fee award under a court's inherent power is intended to vindicate judicial authority, not to provide a substantive remedy to an aggrieved party. "The wrong was to the court." *Mark Industries*, 50 F.3d at 733.

/////

Here, the Court finds the plaintiff's counsel has wilfully ignored his obligation to this Court to dismiss this matter, to respond to this Court's orders and to obey this Court's orders to appear at the status conference and at the OSC hearing. Accordingly, the Court finds that for the repeated failures of his duties to this Court, an appropriate sanction amount against plaintiff's counsel is $2,500, payable to the Court in fifteen (15) days from the date of service of this Order. Should counsel not timely pay, the Court will take further appropriate action, including additional sanctions or body attachment.

IT IS SO ORDERED.

**Dated:   October 30, 2006**                         /s/ Lawrence J. O'Neill
b9ed48                                                              UNITED STATES MAGISTRATE JUDGE